thank your honors may it please the court my name is Charles Cochran and I represent Marion Campbell and at the trial of Marion Campbell three pieces of evidence were introduced against him which unfairly prejudiced the jury the pieces of evidence were two recorded jail phone calls which took place nine months after his arrest with an ex-girlfriend in which the ex-girlfriend discussed with mr. Campbell her future plans to sell drugs and to potentially manufacture drugs these two phone calls were then bolstered by an expert who was introduced by the government to talk tell the jury about what the two were talking about in terms of their drug lingo the person that mr. Campbell was talking about was named Lee guess she was an ex-girlfriend she was not in jail and she was discussing with mr. Campbell the fact that she wanted to procure meth to sell and mr. Campbell then engaged in this discussion with her mr. Campbell was charged with possessing drugs with the intent to distribute and possessing a firearm in a car the conversations or the subject matter of the conversations that he was having with miss guests were in no way related to that day when he was arrested and they did not go in any way to prove that he knew that the guns or that the gun or the drugs were in the car that night point why does why doesn't that go to wait rather than admissibility I mean when you when you said that the conversations did not relate to the to that particular day or to the particular charge that's just a isn't that just a question of weight what did you get a fair point you make and it's certainly a good point to bring before a jury but I don't understand it just seems to me a why is it anything why is that a question how is that a question of admissibility well your honor thank you judge Wilkinson the way that I would respond to that would be to look at the arguments and the opinion in this courts holding at all which was also a prior bad act case and thoroughly reviewed an issue very similar to this the court ruled in that case that the bad acts were not admissible and that primarily because the issue at trial in Hall and in our case is whether or not the defendant knew or had dominion and control over the illegal items and the issue had not been asked you this one of them in the hall case I think that the convictions that were at issue had occurred more than a half decade before and here I was represented to me that the calls here occurred nine months after the defendants arrest so there's a difference in the time span there and the other difference that the government points out is that these were the defendants own statements and his own words and he was the only one in the car where the drugs and the weapons were were found and in Hall the actual ownership of the drugs was very questionable so you have two possible points of distinction under 404 B with Paul and why wasn't it within the discretion of Judge Hendricks to to admit that evidence is related to knowledge and intent which the defendant had to be denying in a in a case like like this and to just let the jury assess the weight of it all well your honor I believe that the issue we have to come down to eventually is whether or not it was unduly prejudicial and this is a phone conversation in which mr. Campbell is purportedly discussing with somebody per manufacturing of drugs and the potential for prejudice there for the jury to take that and say look he's talking about this nine months later and he must there's he must be the type of person who would know if there were drugs in his car or a gun in his car but they were not relevant to his knowledge and in that sense the evidence these pieces of evidence are putting the cart before the horse in trying to prove knowledge and intent when they haven't proved the dominion and control the actual knowledge that those things are his is whether or not he's guilty of possessing them at all so mr. Cochran mr. Cochran I think you could spend your time on talking about rule four four B and we could probably have a very lively conversation going back and forth but I it might be you of it at least my perspective and I don't know my colleagues feel about it but it looks to me that evidence is needs to fall for B I mean it's relevant to his knowledge of intent to sell it is necessary to prove the elements if the calls are reliable the probative value of it there is no prejudice yeah I think at least from my perspective more interesting issue in this case deals with whether there was an abuse of discretion by admitting the testimony of the special agent brakes and I'll take it there just so we'd be pointed in terms of it I don't think that's an issue of whether he's an expert he you seem to come out very candidly and say he is an expert I mean we on our case law at least for that purposes I mean it could be challenged on so many ways because judges have become pretty lax in terms of what they call an expert when it comes to knock a cottage case I mean but we'll take it he's an expert the question then becomes when we look at Wilson and the other cases that there is did his testimony include the sufficient indicia of his methodology as it was applied in that instance in other words it's one thing for him to be an expert and then say well I have the experience I've been I've been surveilling his cause there's no evidence I see here that he's been an undercover agent of any sort but just that he you know he's been around the roads he knows drugs he knows that he knows the talk the lingo the codes but the question then becomes you know once he begins to say okay this term means that is that of not just that he has the experience or it from your perspective speak to the question I think on the whether the reliability testimony is there at the why we should believe this expert that that term means that in this case your honor I appreciate that point and and we agree that agent Briggs was a very experienced law enforcement agent with drugs in particular however he did not provide testimony as to why the methods he was applying to this case were reliable he was listening to a phone call he had never spoken to mr. Campbell he had never spoken to the woman who was on the call with mr. Campbell it's simply why there's an experience not just enough I mean he's been around drug folks he's been hearing conversations I guess like anybody else why is that not sufficient if you know from a 702 perspective or just in terms of an expert opinion testimony as to as is that not necessary here we require the course of scientific cases other cases is it's not different your honor well we would argue that that what his testimony is going part of the problem what we were concerned with with his testimony was the subject matter of his testimony obviously we've appealed the admissibility of the calls those calls are what he was testifying about the content of those calls he did not tell us why he was an expert in the particular case that was in front of him he knew a lot about drugs he knew a lot about the manufacturing of drugs and he knew a lot about pricing of drugs the problem is why didn't you go after that on cross-examination I don't have a point you're making but we were so we're taking so much away from district courts by trying to make these questions of admissibility and if you say well this was a the problem with the expert is he hasn't said yeah you just say to the jury this expert hasn't said hasn't told us why he's an expert in this kind of drug why he's qualified to talk about this he hasn't told us how this relates to the particular conversation at issue or it doesn't relate to the particular charge at issue or it doesn't relate to the particular drug and you can you can make those points and then the government can come back and say well here's what he knows and here's why it is here's why it's deserving of your consideration and here's why it is relevant here's why it is waiting and you can say no it's it's it's not for reasons a B and C so what what is it that you want done well what we want is that our problem with agent Briggs's of these calls in the context a lot of it was about how you make meth and how meth is brought into the United States in the global drug trade this was a car stop our case was an auto stop where the issue was whether or not the defendant knew what the knew the item the illegal items were in the car we did not need an expert to sort of come in and impose his authority on the jury and and tell us what these phone calls were about and and really emphasize the prejudicial value of these phone calls and I would push back on the point that judge win me with regard to the relevance and necessity these were not necessary calls to demonstrate intent to distribute there were baggies in the car they there was testimony as to the way they were packaged and it was not relevant at all to why to why mr. Campbell would have known that the drugs and the gun were in the car unless they're being used to say look he knows about drugs he must be the kind of person who knew that this stuff was in the car and that that's the problem that we have when you take the calls and the expert together it creates an enormously prejudicial situation for mr. Campbell and I would also point out that yes the time difference in Hall was much different than it is here but if you look at McBride you've got an 18 month difference where the court is also pointing out the differences between the two the prior bad act and the the case at hand you know it's 18 months it's a recorded conversation yes your honor I had a question about the time we've been talking as though the relevant lapse of time is nine months but it sounds like from the conversation the defendant your client is talking about something that happened in the past right like this is how much I was paying these are people to whom I did sell max in the past and most likely you know probably in the recent past because that's what would make it relevant these prices and these people who have purchased drugs so anyway my point is the relevant space of time right isn't between the call and the arrest it's between the things that the defendant is describing on the calls and the arrest and that's going to be less right because he's talking about things that happened before he was put in prison and that was three months ago I believe yes judge Harrison thank you for that it was nine months between the arrest yes and I think and mr. Campbell admittedly does make a reference to the past where he references this is what I've been getting it for referencing you know the price that he obtained drugs for in the past the problem with that is that he's got numerous drug convictions for different substances the same substance and the other issue is that a grit much more of the call is about miss guests and her future plans to obtain make and sell drugs and mr. Campbell being engaged in that irrelevant conversation is highly prejudicial the the reference to the past is really that one line where he says you know what I've been getting it for and that could be referring to prior convictions which obviously the defense would not want to use that as a counter argument to the jury it also could be referring to after mr. Campbell was arrested in this case he bonded out he only had state charges he bonded out and was again pulled over by the police more contemporaneously with this in a separate case more contemporaneously with the phone call so the problem is that we have these available arguments to us which we can you know make candidly to this court but we wouldn't want to be sandbagged into bringing in further prejudicial evidence or further bad act evidence against our own client to counter the relevance of this of a factual situation where you have that you have in Hall and that you have in the pride where you got your the defendant's own words being used against him in a relatively extensive period of time since his arrest that's not specifically referring to the actual criminal conduct that he's been arrested for that he's on trial for and this court should find as it did in McBride and as it did in Hall that this wasn't because this was evidence that was going to prove intent and knowledge but the government did not have the ability to overcome that mere presence argument from the defense that I see I'm running out of time here that this court should follow the rulings in McBride and all thank you I mean I thought that he was the only one in the because he's merely present in the car there is no fingerprints on the items there's no DNA on the items there's no admission from the defendant that he knew about the items and that's exactly the case that you had in Hall where the defendant and what is that a jury argument well we did make the argument that there was no fingerprint evidence no DNA evidence the problem is that the government didn't have proof or evidence to specifically address that mere presence argument you've got a guy who's in a car that's got a smoking engine with radiator fluid burning there's bottles of radiator fluid but what happened here is the government sees that sees that they've got a problem with this mere presence argument that he could make that he's just there in the car to fix the car it's not his car and they listen to these jail phone calls and they say hey look this is this is him talking about drugs we can use this to prove knowledge and intent when it's really bootstrapping along to try to prove that he knew it's using his character to say that he knew that these items were in the car okay thank you mr. Cochran and I want to ask my colleagues again if they have any further questions I'm judge when I judge Harris do you all have any further questions I just wanted to point out to you that when you come back I want you to focus more specifically on the things I tried to point you to and that is the question that deals here with when an expert of a drug expert testifies the question begins if he makes this statement does he have to add to a testimony to establish the reliability of the method that he used to determine whether it is true or not that was required in the Wilson case even though they found homicidal in the case and and and the mere fact that he states it to be this word means this if you just go to experience alone that's that's one way you could look at it but I do believe from my perspective you have to have testimony pointing to the reliability of how we gonna believe this experts use of this data that he's done is what it is so so focus that if you will when you return for your rebuttal yes your honor thank you all right judge Harris did you have any further questions of mr. Cochran nothing okay then we'll hear from miss Henderson miss Henderson do you want to give us your view of the matter yes your honor good afternoon may it please the court my name is Kara Henderson I represent the record shows the district court conducted a thorough and exacting review of the jail phone call evidence in this case and therefore did not commit an abuse of discretion in admitting calls 8 and 11 into evidence pursuant to rule 404 be the statements made by mr. Campbell and both calls were relevant to show his knowledge and intent to distribute the meth found in the vehicle with him by claiming mere presence mr. Campbell placed his knowledge and intent at issue in the trial thereby making his statements in both phone calls probative of more than one contested element of the charge defense because the admitted evidence was mr. Campbell's own recorded statements regarding distribution of the same drug he was charged with at trial the evidence was both reliable and more over a month prior to trial the government counsel counsel counsel mr. Harris thank you just a quick question it looks like before the district court you argued that that 404 B didn't apply at all because this evidence is intrinsic is that an argument you're advancing on appeal or the only argument in front of us that is permissible under 404 B your honor we did argue before the district court that these other acts were more intrinsic than they were admittable under 404 B because he was discussing on the phone call what he had been paying for his meth the quality of his meth and his plans to continue distribution of his meth once released so we did argue that they were all that was all part of a single criminal episode of his meth distribution however because the district court admitted the evidence pursuant to rule 404 B to show knowledge and intent that's where we focused our argument but we do still believe that they are a complete single criminal episode how would it be intrinsic if they weren't the same it certainly wasn't the same exact drugs it was in the within the car I guess I see this is more of a 404 B question than an intrinsic question I mean you can because you you couldn't you if you if you rule everything like this to be intrinsic there's a danger of just ruling out the 404 B evidence all together you know any past any past involvement with drugs no say well we'll just call it intrinsic and you know that that could you can pull in a lot of character evidence onto the ground that it's intrinsic I mean there's a definite place for intrinsic evidence but I have a problem with with saying that every past involvement with drugs on someone's part even if it's not related to the exact transaction or whatever is intrinsic that it seems to me you're going to make an awfully broad or the implications of that argument seem to me to be very broad you see what I'm saying you see my concern about it yes your honor and that's why we we made the argument but we also respected the district courts decision to disagree with us but then to admit the evidence pursuant to rule 404 B to show knowledge and intent so as I stated in response to Judge Harris that's that's why we focused our argument on 404 B in response to this appeal and did not touch back to the touch back to the argument that it was all part of a single criminal episode but I did we didn't judge Harris was correct we didn't make that argument to the district court so your honors as I was saying a month prior to trial the government filed its notice of intent to and obviously several phone calls were admitted but only 811 or issue here so looking at their admissibility individually and starting with call number 8 mr. Campbell's statements on this call indicate that he was purchasing meth in the summer of 2017 which was the time of the arrest in the instant case any plan to continue that meth distribution upon release in line with the court's decision in United States vs. Hodge and the Sixth Circuit decision United States vs. Barnes these statements show the existence of Mr. Campbell's continuing narcotics business and therefore probative to show his knowledge of the drug trade and his intent to distribute the meth found in the vehicle with him when you look at call number 11 mr. Campbell's statements on this call showed that he did not just possess meth for his own use but that he actually distributed meth to customers in case law shows that using other acts pursuant to rule for 4b to show specific intent in certain circumstances is most frequently admissible in cases involving possession with intent to distribute making mr. Campbell's statements on this call highly probative and relevant to show his intent to distribute the meth found in the vehicle with him the night of his arrest the evidence in this case your honor shows the statements that were made by mr. Campbell on these phone calls again we're about distributing methamphetamine conduct that is clearly substantially similar to the charge conduct of possession with the intent to distribute meth in addition to the 404 B evidence what other evidence did you have a good who was the other evidence it was brought in against mr. Campbell to show in general your honor to show knowledge and intent no the other evidence with respect to the counts with which he was charged your honor the government presented talking about the possession with intent to distribute the drugs I'm not necessarily talking about the possession of the firearm I'm talking about the possession with intent yes your honor mr. Campbell was the government presented that mr. Campbell was the driver and only occupant of the vehicle everything was within arm's reach of mr. Campbell therefore he had the ability to exercise dominion and control over it one of the plastic bags containing the smaller bags of meth was sitting in the driver's side door there were two jail phone calls jail call number one and number four that I think goes to knowledge but both of these go knowledge where mr. Campbell is trying to in one in jail call number one mr. Campbell's talking to his girlfriend and he's telling her that she needs to get someone to come take the gun charge and she tells him but you know what while you're in there think about this no more and mr. Campbell responded no no more you're right I got to stop no more bullshit I apologize for the expletive but I want to get his words right in jail call number four very similarly he's talking to his mother about getting money from someone to pay someone else to come claim the gun and he tells his mother but mob this is what this I can't it's time for the bullshit to stop I ain't gonna be doing no more none bullshit no more because I'm gonna have money I'm gonna have that money which the government argued were also admissions as to his knowledge as to everything in the vehicle additionally your honor all the other phone calls that showed mr. Campbell was trying to bribe a witness to come in and claim the gun and the various stories that he was trying to come up with for those not only prove his guilt as to the knowledge of the gun but also we would argue that it shows knowledge of the drug because he's not going to get someone to come in and claim over 36 grams of meth but he can kick someone who's not a felon to come in and claim the gun and because that wouldn't be a crime and then he knows he can separate the gun from the drugs or at least attempt to additionally your honor the evidence of distribution the way the weights and agent Briggs testimony about the quantities that meth is distributed in for users and how the individual bags of meth in this particular case were packaged in those same quantities the street value and then the testimony from the other officers the state officers how there were additional plastic baggies the $20 bill that was sitting on top of the meth in the center console that the defendant mr. Campbell signed for in his property at the jail so yeah those are a few of the other things that the other evidence that was put in to show mr. Campbell's knowledge and intent to distribute the meth in the car all right thank you do you have any comment on the admission of the DEA agent testimony yes your honor let me let me guide you at least to what I think is relevant there so we can focus on it from that perspective because I'd like to hear your take on it you know when you go back and look at the Wilson case the Wilson case made it clear that this is an expert that's not it that's not a that's not that can contest here but the you got you got a person that's expert and he can testify but it's got a test by that it's reliable and applied for allowable it to the facts and even the Wilson it says not all everything that was in that that court was was was the meth that standard but what Wilson said the defendant didn't object to it so therefore it applied a plain error type review to it so in this instance where we have and by the way the Wilson points out that besides the case of the primary purpose of the coded drug one is to conceal the meaning of the conversation from outsiders now I know that's been stated in many cases and it's out there as though it is fact somewhere but it can't be much of a conceal if here you have an agent who there's no evidence he's been an undercover agent or whatever but at least from my perspective purpose of coded language is to provide precise conversation between the people who are speaking so that you know exactly what you're doing because the risk of not doing it right is pretty high these people will kill you they do all kinds of stuff so I think that's a court thing but I'll leave that alone in terms of what the purpose of this language is and if it's so concealed it's amazing all the police officers know this language and it's not just not just the expert here but the issue that I have with this it has to do with the testimony that he rendered at trial is it supportable for reliability purposes and for in terms of set of satisfying the methodology of just saying he has the experience is that enough so your honor what I think we have to look at here is that it's not just that he's saying I have experience and that's enough so but he does when he goes through his experience it's very detailed as to what exactly his and I would point the court to the fact that 10 out of his 20 years in the DEA were spent solely on that I want to make sure we focus this this is where I want to make sure we in agreement I agree with you I'm not challenging his expertise that he has experience he has a lot of experiences what we don't have is why it is that now we have this data why did he find it to be reliable in a this is not a peer-reviewed sort of thing where you I mean it's a personal expert thing he has been doing this surveillance and he has been doing this over the years he has seen this and there's no testimony that ties in when you say something is clear how do you know that well because I heard it such as such a time of this number time no what we got is experience which gives him carte blanche opportunity to classify anything as lingo it's a judicial laxity that we have undertaken that continues and it's part of the problem with dealing with when we're dealing with police testimony we have standards that they should be held to it's not it's not just you know the semantics here we're dealing with real stuff so that's what I'm getting at is where is that testimony yeah except he can say those things but he has to add some testimony to it to see why it is reliable yes your honor I understand I would say that the rule 702 Advisory Committee specifically addresses your honors concern and that it specifically states the type of expert testimony this type of expert testimony by agents who are qualified as experts in drug trafficking to decipher code language used in the drug business identifies that the method used by the agent is the application of extensive experience to the court in United States versus Smith most recently your honor reiterate reiterated the Advisory Committee's note I have no doubt that the courts and judges have gone in this direction but I think that we have to be some level of understanding here and that is what you're basically saying is once he gives his experience and all this he can say what he wants to say and you know and it's all understand again it is particular to him he's an expert because of that there's no pure as there's no testimony about his expertise that he's recognized in journals or that sort of stuff you got court of court cases where he's been recognized as expert but that's just piling on that's just saying we found from the beginning he's an expert if we have to maintain some means of discerning objectively that this is a reliable method and it and I've been through training and studying them for years and years and now I know this because I know it based upon my experience and if we are there we're just there but but I don't think that we're there I mean perhaps the best experts in terms of drug culture probably in the prisons or or the drug dealers themselves but here we are dealing with specific lingo now in this instance I mean there are particular words here and and and the question of whether or not there was proper there were proper objections and this man is a question that remains out there but in terms of articulating his method and why this court should accept this experts testimony of an opinion as being reliable I think it's missing your honor what I would what I would argue is that the their expertise and I know you're gonna feel like I'm repeating myself but if you'll give me a little leeway with his expertise oh you're born with the experience thing I got you if you want to believe experience does it alone and that's good enough oh yeah you're right the courts have exactly agreed with you on that just because he is experienced he's done this over and over and we just know he does it because he does it that's not good enough for a legal determination that can be objectively applied and that's the problem we got in dealing with police testimony is judicial laxity of rules there they can follow the rules but if we keep doing where we're going now pretty soon you'll get up there and just say that I've been doing this for a while judges let me just testify and that's pretty much what's happening well one of the things I might point out here I think I'm correct in this is during his DEA service it wasn't just that he was generally familiar with drugs but he'd spent 10 years in Iowa working almost exclusively and methamphetamine cases and he'd work in methamphetamine cases in South Carolina where he relocated but it wasn't just a general experience it was experience in working with methamphetamine cases in particular and as I understand it the experience that he had had both at the Academy it wasn't just street-level experience either it was experience at the Academy and it was experience from interviewing over hundreds of drug traffickers and listening to hundreds of hours of surveillance so it's not just disembodied experience it's a very relevant relevant experience and I think judge Wynn is right in saying that our have validated this as well as the advisory rules and there seemed to me that the real question that Daubert was concerned about was putting on quack science particularly in cases involving scientific or specialized knowledge what you're worried about is is imposters and people who are almost fraudulently holding themselves out as experts with materials that have not been peer reviewed or anything of the like but we don't have that kind of problem here we have evidence admitted under abuse of discretion standards and we have the court precedents but maybe we have mainly we have somebody who simply could not have more experience both academic and street-level experience and not just with the drug trade in general but with methamphetamine in in particular so it's it's um it's it's hard it's hard to see how that's how admitting that would be an abuse of discretion and I maybe you have something more to add to that MS Henderson I was just that was just my I mean that would maybe you have something more to add that I've overlooked have I I want to add to what you've said in her discussion so that we are clear I'm not disagreeing with you that he's an expert I'm not disagreeing in our he knew about meth he's in South Carolina by the way and and and there are they are presumptions and assumptions that courts make and premises that you accept first that drug culture is the same across this entire United States that those who speak in this so-called code language is the same here that he is an expert once we get him there and I don't care where he's been or how long it's been he now can get up on the stand and say anything means something I'm simply saying that in Wilson it was error for an officer not to provide any reliable explanation as to why he opined that the conversation meant what it said I'm okay with him saying it happened as you've said he's an expert he's been around meth he's got all of this here's the laxity in the courts and where we are failing as judges in my opinion in my opinion where we're failing we and this is how you end up with individuals who who then themselves do not adhere to the stringent requirements which are not that hard and it's simply just to say yes you can testify here but you have to tell us the court how is it that you know that that term means that we're not just going to accept that you know that you can see as a conclusory way and it may sound like it's foregone but you know those kinds of conclusory statements in a way is well everybody kind of knows it and it's all common sense he spent some time an hour he trained and and he's been around this and now yeah let him impunity to the point that they defy case law I think what's required in the 72 yes you can testify we've already given the leeway to testify based upon the fact of his experience but he has to explain to the court okay we accept your opinion that there's a that this means clear how do you know that that's a simple thing and then he tells us how he knows it we need to put the government through these places because 702 and Wilson requires it so I add that to judge Wilkerson's comments so that we make sure that we are on the same page most of what he's saying I absolutely agree with I mean we're going to talk about our and what he does in the train of the Marine Corps the whole bit that's wonderful but it does not he's now in court and he's now being recognized expert he's now given an opinion all we're asking is where is the testimony that says when you get this opinion we now can rely on it what is your method that you use to determine that officer and I realize that I'm out of time if I may be able to respond judge went to to your concerns briefly you're I would say that you know judge Richardson in his opinion and Smith addressed your honors very concerned and that it's impossible to ask these experts to lay that precise of a foundation like a DNA expert or or a latent print examiner expert could based on experiments and other things because their expertise was gained over extended repeated exposure and you can't it's not just one moment in one time that said clear means this because this I think what we have to look at is that when he detailed his experience for the jury and laid out you know all these experience and why and the things that he knows about math and then applied his training and experience he just laid out to the questions about the evidence and then was subject to cross because I think we could I think we could cut it short by it but if I get you to acknowledge this point basically you're telling me we simply accept what he said because he of his experience and he knows what he's talking about and we are just going to have to take we don't get to go and know how it is that he knows this we don't get to know why it's reliable because it's reliable because it is is his experience and that's it is that what that that sounds like the essence of where we are he knows what he's talking about when he walks in the court once we qualify the expert we're not going to go and ask him how do you know that term means this yeah I think it I think you're concerned is more to wait than admissibility I think that's a jury question I think it's up to the jury to determine no you're the one that you don't want it that before trial came and said his testimony is like that of an anthropologist you said that and there's no explanation whatsoever that methodology the prosecutor came up and said oh yes that's one like that of an anthropologist that requires methodology that's not a weak deal that's admissibility no I understand your honor but I'm saying I think that when you when they use their experience which is what is all that they are able to use in this situation if that is where that is the method that they use as we've discussed at least here is the method is their experience my point was that when they are using that experience to then justify their opinions as to the evidence I think that it's a jury question as to whether or not that they believe the experience and they believe that that experience gives them the determination there's no I think I'm satisfied where I think we had just said an impasse on this and I understand the use of experience and the jury get the weight experience and all of that but he's an expert so his experience is really not in question here we've got that he is an expert he gives a statement all I'm saying is when he gives that statement he needs to tell us how does he know that's true he needs to give us why is reliable he's got to tell us something beyond well this term here if they could pick a term out of midair that we had no idea that the leaf was what was shipped to the store and he tells us that means that a certain amount of cocaine was sitting somewhere and we say absolutely nothing and then then you know he doesn't explain how he knows leaf being shipped to a store means this or that other than well in my experience I just know through experience and that's it your honor and you're not gonna get in the more because it's not hard for me there has to be a role for cross-examination here and all of the points my good colleague makes are points that can be raised and in cross-examination but I do think that the courts precedents and the federal rules and the district courts discretion make it an admissible case I just there's admissible evidence and and the problems that Daubert identified with expert evidence don't seem to me to be particularly present in this in this kind of situation but at any rate do you have anything further miss Henderson we've I want to comment on that I want to make sure we understand excuse me I'm speaking I want to judge Wilkerson made a comment I want to give him the respect of commenting on that I don't want to harbor thoughts judge Wilkerson that we don't discuss because we're very good at that and I think this helps the jurisprudence I think when we when we are dealing with cases of this sort and the whole question of whether evidence like this is admitted or not it is a question of the courts methods and the ways in which we do it and courts have a way of accepting premises and moving forward with things without really questioning once they've been said I understand the value precedent but an underlying situation of an expert witnesses and I think if I have to go further with this and I do believe it goes there this is part of the underlying problem we confront in this country today and that is we have courts who do not adhere to the textualist or to the to the actual strict nature of why what our role is as courts and if in it and if we adhere to these things and do it it's amazing to me throughout my ten years a judge which has been over 30 years it was amazing to me how we conform that's true with Miranda that's true with you know the Miranda warnings I mean once you set standards they are conform with they come away in which you do things and it helps us in terms of making sure courts don't make mistakes and we don't admit testimony that's not good testimony I'm not saying this is not good here this is not a good case in terms of this I mean this is bad evidence here I agree with you on that I think government had a particularly strong case here I'm simply saying in terms of adhering to that that is required and the other thing so we're not disagreeing judge Wilkerson in terms of importance of it we're not disagreeing in terms of the expert of what we perhaps are disagreeing with is in terms of what an expert testimony means in this instance and the need for the for the witness to explain the method and the reason is reliable that's where I think you and I have a different a bit on but that's sometimes judges just have to disagree all right thank you very much miss Henderson and judge Harris would you like to ask some questions of miss Henderson do you have anything you wish to ask him or her ask her I do have some questions I need to keep everybody is it all right if I ask a couple of questions I don't want to cut anybody off here so let mr. Cochran you reserve some time for rebuttal so we'd be happy to hear from you again thank you I may please the court just to add to this discussion on the expert witness and the cross-examination that did take place at trial your honor one thing I would want to point out are a few examples of why judge win is right to be concerned here in the fact that there is no methodology or reliable methodology cited by the expert and that is first the language that he talks about the drug lingo that was inconsistent with his testimony which is he admitted on the stand that shake was something that was referred to during these phone conversations and that shake commonly refers to marijuana not meth he talks about purity but again we had other phone conversations that were excluded about heroin and certainly purity could refer to any kind of drugs he also did you bring up in cross-examination I'm sorry you when you cross-examination when you cross examined agent Briggs what what what what did you bring up how did you go about your cross-examination well your honor we did focus on the confusing nature of one of these calls where the word shake was used because he was particularly testifying about the coded language and he admitted on the stand that shake refers to marijuana not meth he also talked about ammonia and he and we cross-examined him on the fact that mr. Campbell was saying on this phone call this was all in your cross-examination yes your honor and where he was by the phone call where mr. Campbell asked or instructed the other person on the phone to pick up ammonia at a hardware store pure ammonia for making meth mr. Briggs said but under cross-examination he admitted you can't get this type of ammonia at a hardware store so the problem is is that we can bring out those inconsistencies on cross-examination but at the end of the day you've got this very authoritative figure who's gone on for 30 minutes about his credentials who is telling the jury look this guy's talking about drugs this is how bad the global drug trade is this guy's definitely talking about it and then you transfer that to the calls which are unrelated to the actual night in question and the problem here is that we don't have that connection between the calls and the incident where mr. Campbell was arrested he's not referring to oh those drugs I had in the car that night or the gun I had in the car that night he's talking about the past in general in one sentence the rest of these calls are about miss oh you know the problem there's another problem here and that is that you can easily push your experts and say well you know talk about the particular situation here talk about the particular situation here and then you can push them in the direction of being a 701 fact witness and you can also push them in the direction of sort of opining on the all an ultimate issue of fact which they're not supposed to do and so you can you can the expert is supposed to do part of it isn't supposed to testify generally and if you push push push in the direction of particularity you run into you you can take the expert and then the assignment of error on appeal will be well he was supposed to be an expert and he eventually ended up being a fact or fact witness and opining on the ultimate issue of knowledge and intent and I agree with that your honor I think that the problem is is that the subject matter of his expertise was in listening to these calls and interpreting them for the jury and what we're arguing is that those calls did not connect through the expert or any other facts in the case to the night in question he was in a car there was a mere presence possibility because there was car trouble because there was no fingerprints on any of these items because there was no DNA evidence to connect him to any of these items it was not his car this expert could not in any way connect those phone conversations to this incident in question and neither could any of the other evidence so they were using prejudicial phone calls to say look this guy sounds like a drug dealer we've got an expert who's going to tell you he sounds like a drug dealer he must have known that stuff was in that car that's why did your client take the stand no and we didn't put up any witnesses this was not impeachment evidence this was nothing I know I'm asking whether mr. Campbell took the stand he did not yeah I might just suggest you probably know a than I do because you've been engaged in criminal defense work but it it seems to me you every defendant has a perfect right not to take the stand I mean it's a it's a right and you know counsel exercise that exercise that right I mean in in different ways I would just suggest that when someone doesn't when it's a matter of tactics that runs an awfully big risk particularly given the quantity of evidence that's coming in against him not just on the expert but miss Henderson is detailed a good amount of evidence it's coming in on what seems a pretty strong case and and I just think as a matter of tactics or strategy that mr. Campbell might have some explaining to do I just was wondering why he didn't take a stand recognizing and respecting totally that is your right to make a strict in his right to make a strategic call not to and your honor I mean the only thing that I would say is that yes that is a very difficult decision sometimes going to trial but at the end of the day the burden of proof is on the government to establish that this was not a mere presence case he doesn't have to defend himself against that your honor and in this case they did not have anything to prove to overcome that mere presence defense to show that you would love you would love for us to write an opinion that talks about a defendant not taking the stand as being of some value here because if it is I I believe that's reversible error I don't think that's something that is of any relevance is for defendant not to take a stand because it's not as pertinent to prove himself guilty at any point on that I don't think a prosecutor obviously I guess the case is Doyle obviously the prosecutor did not comment on that it can't well and it's very difficult to even think from an appellate perspective that you know we taking any consideration that the defendant did not take a stand that's I think I think that's a tough one to walk on they are given what we're dealing with what we have is the cross-examination aspect of it I think is interesting I do think that we're dealing with the admissibility of opinion testimony and the question is that the court have some duty there itself can it just hear an opinion testimony from someone that's qualified as expert in which to my view the method or the reliability is not stated there and of course in Wilson the court did go on to say well the defendant didn't object to those specifics that when it did not follow that and therefore Wilson said it was harmless error but it said it was there that's where I'm going with it so it but the defendant here says he did object to some extent we'll have to examine to see the extent there is an objection here that meets the Wilson standard and if I could respond to a point that judge Wilkinson made regarding the evidence that I realized that I'm over time if I could make one final point yes you certainly may thank you your honor you mentioned your honor the evidence or the level of the evidence that the government cited I would like to point out that a great deal of what miss Henderson cited to your honor and the other justice judges had to do with other phone calls that are not issues on appeal here that had to do with mr. Campbell talking to other people about accepting responsibility for the gun that was in the car and at no point did he admit that that gun was his or that he knew that was in the car this was somebody on a jail who can't have a conversation with anyone but his lawyer that's not recorded so he's trying to gather witnesses for his defense somebody who may have known that this or left their gun in this car of course the jury can take what they want with that but I would also like to point out that the district court judge did sever the count of obstruction of justice from this trial and so what you've got here is a guy who gets pulled over in a car that's smoking with burning radiator fluid no evidence that he knew that these items were in the car so the government has to pile on these months later phone calls to try to prove something that they just don't have proof of directly from that night no admissions no witnesses to say look he was out selling drugs that night I've seen him with that gun no fingerprints no DNA thank you very much mr. Cochran and judge wind judge Henry judge Harris you welcome to ask any further questions if you wish thank you judge Wilkerson I mr. Cochran miss Anderson we thank you both and appreciate very much your your arguments and I'll ask the courtroom deputy to please adjourn court and we will go directly into our conference thank you your honors thank you
judges: J. Harvie Wilkinson III, James A. Wynn Jr., Pamela A. Harris